**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3133
_____

IN RE:  EILEEN VEY,
                                               Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 4, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Filed: September 1, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Eileen Vey has filed a petition for a writ of mandamus asking this Court for an

order transferring a residence to her.  More specifically, she asks the Court to order a

person she identifies as Jerry Tyskiewiez, Director of Services, Department of Real

Estate, Pittsburgh, Pennsylvania, to transfer to her a house from her former husband.  Vey

states that her former husband has suffered a heart attack and that bill collectors will take

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the house before she can claim it through his will. She has attached a document to her petition that purports to be a copy of the will.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Here, there is no basis for granting the petition for a writ of mandamus as Vey has not shown a clear and indisputable right to the writ or that she has no other adequate means to obtain the relief desired. For these reasons, we will deny Vey's petition for a writ of mandamus.